UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PATROCINIO CLAROS NOLASCO (A-Number: 219-244-974),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, Mesa Verde Detention Center, et al.,<br><br>Respondents. | No. 1:26-cv-05058-KES-EGC (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN TEN DAYS<br><br>Doc. 2 |

Petitioner Jose Patrocinio Claros Nolasco is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. The Court has previously addressed the legal issues raised by the petition—that 8 U.S.C. § 1225(b)(2)(A) does not apply to noncitizens such as petitioner who have been present in the United States for many years without admission. *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025). The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 5.

Respondents argue that this case is distinct because, they allege, petitioner is a member of Barrio 18, a designated foreign terrorist organization. *See* Doc. 7 at 2 (citing Dept. of State, Foreign Terrorist Organization Designation of Barrio 18, 90 Fed. Reg. 45,969 (Sept. 24, 2025)).

Under 8 U.S.C. § 1226(c)(1)(D), any noncitizen who "is inadmissible under [8 U.S.C. §] 1182(a)(3)(B)" is subject to mandatory detention. 8 U.S.C. § 1226(c)(1)(D). Section 1182(a)(3)(B) applies to "[a]ny alien who . . . has engaged in a terrorist activity . . . [or] is a member of a [designated foreign] terrorist organization[.]" 8 U.S.C. § 1182(a)(3)(B).

Whether petitioner is a member of Barrio 18 is disputed. Respondents rely solely on a Form I-213, which was prepared by an ICE deportation officer, and which states: "During an interview with USCIS, CLAROS admitted to membership with the 18th St. criminal street gang." Doc. 7-1 at 2. But the Form I-213 further indicates that, after receiving a referral from USCIS, the deportation officer interviewed petitioner and "CLAROS claimed no gang membership at the time of interview with ICE." *See* Doc. 7-1 at 2–3.[1] Respondents do not include any other evidence to support their allegation that petitioner is a member of Barrio 18, such as a record from petitioner's interview with USCIS, a declaration from the USCIS officer, or a signed statement from petitioner. *See id.* Petitioner denies that he is a member of Barrio 18. *See* Doc. 8. The disputed hearsay statement in the Form I-213, which is contradicted by another statement in the Form I-213, is insufficient to establish that petitioner is in fact a member Barrio 18.[2]

Respondents further argue that petitioner should be required to exhaust his administrative remedies by requesting a *Matter of Joseph* hearing to determine whether he is subject to 8 U.S.C. § 1226(c). *See* Doc. 7 at 2. At a *Matter of Joseph* hearing, a "detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Demore v. Kim*, 538 U.S. 510, 514 (2003). This exhaustion requirement is prudential rather than jurisdictional, and it may be waived if "administrative remedies are inadequate or not

---

[1] The Form I-213 also indicates that petitioner has no criminal history. *See* Doc. 7-1 at 3.

[2] Additionally, although respondents argue in this action that petitioner is subject to 8 U.S.C. § 1226(c)(1)(D) because he is inadmissible under 8 U.S.C. § 1182(a)(3)(B), they have not charged him as inadmissible under that provision. The notice to appear attached to their opposition charges petitioner as inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Doc. 7-1 at 4. This is consistent with the Form I-213, which states that petitioner "appears amenable to removal as an EWI, Entry Without Inspection," rather than amenable to removal based on his purported membership in a terrorist organization. *See* Doc. 7-1 at 2.

efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Here, exhaustion of administrative remedies would be futile because, even if the immigration judge were to determine that petitioner was not subject to mandatory detention under 8 U.S.C. § 1226(c), she would be bound by the BIA's decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), that mandatory detention under 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens in petitioner's circumstances. *See Lopez Lopez v. Warden*, No. 1:26-CV-03556-DAD-CKD (HC), 2026 WL 1346694, at *1 n.1 (E.D. Cal. May 14, 2026) (waiving exhaustion requirement as futile were the government argued that petitioner should be required to exhaust administrative remedies by requesting a *Matter of Joseph* hearing while maintaining that petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)).

Respondents have therefore failed to identify any pertinent distinctions between this case and the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025). The petition for writ of habeas corpus is GRANTED, for the reasons stated in those prior orders.

Respondents are ORDERED to provide petitioner Jose Patrocinio Claros Nolasco (A-Number: 219-244-974) with a bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations within ten (10) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within ten (10) days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Mesa Verde ICE Processing Center with a copy of this Order.

IT IS SO ORDERED.

Dated: July 15, 2026

UNITED STATES DISTRICT JUDGE