# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PATROCINIO CLAROS NOLASCO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>Respondents. | Case No. 1:26-cv-05058-KES-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT PETITIONER'S MOTION FOR ATTORNEY'S FEES PURSUANT TO EAJA BE DENIED**<br><br>(Doc. 19)<br><br><u>FOURTEEN-DAY DEADLINE</u> |

Petitioner Jose Patrocinio Claros Nolasco ("Petitioner"), formerly a federal detainee proceeding by counsel, initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

Pending before the Court is the motion of Petitioner's counsel for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 19). Respondents filed an opposition. (Doc. 21). For the reasons set forth below, the undersigned recommends denying the motion.

### I. BACKGROUND

Following the parties' briefing on Petitioner's petition, on July 15, 2026, the Court granted the petition and ordered that Respondents provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a). (Doc. 9). Judgment for Petitioner was entered thereafter. (Doc. 10).

### II. LEGAL STANDARD

The EAJA provides for an award of attorney's fees and costs to private litigants who prevail

"in any civil action (other than cases sounding in tort)" against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney's fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." 28 U.S.C. § 2412(d)(1)(A).

## III. ANALYSIS

Respondents request the Court decline to rule on the motion pending the Supreme Court's decision in *Montoya Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057 (U.S. June 29, 2026). In the event that the Court proceeds on the merits, Respondents oppose Petitioner's motion for award of attorney's fees and costs on two grounds: (1) that the EAJA does not permit the award of attorney's fees here because the underlying habeas corpus proceeding is not a "civil action"; and (2) that the EAJA does not permit the award of attorneys' fees here because Respondents' position was "substantially justified." (*See* Doc. 21).

The undersigned recommends that Respondents' request be denied. However, because the undersigned concludes Respondents' position was substantially justified, the Court need not decide the issue of whether a habeas petitioner may recover attorney's fees under the EAJA.

### A. Respondents' Request for this Motion to be Held in Abeyance

Starting with Respondents' request to hold this case in abeyance, (Doc. 21 at 2), the undersigned recommends declining Respondents' request.

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 863–64 (9th Cir. 1979)). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral

in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva*, 593 F.2d at 863–64.

In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* In addition, the "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. With respect to the first two factors, damage and hardship to the parties, Respondents assert that "Claros Nolasco identifies no prejudice from a limited abeyance after entry of final judgment." (Doc. 21 at 2). Respondents' position represents a misunderstanding of the applicable standard. In determining whether to grant a stay, the "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Here, the undersigned finds that Respondents have not identified the existence of any hardship or inequity in the Court deciding the attorney's fees motion. Nor is the undersigned persuaded by Respondents' conclusory contention that Petitioner will not suffer any prejudice if the motion to stay is granted. *Palacios v. Liggins* has not been argued, and a stay of many months in resolving the instant motion could interfere with Petitioner's continued access to counsel. The undersigned accordingly finds that the first two factors weigh in favor of Petitioner.

Turning to the third factor, Respondents argue that *Palacios v. Liggins* may be dispositive of the pending fees motion in this case because the Supreme Court granted a writ of certiorari as to the issue of whether the "any civil action" language found in the EAJA includes an action seeking a writ of habeas corpus to challenge civil immigration detention. *See Palacios*, 2026 WL 1855057.

Thus, according to Respondents, staying the fees motion will "promote[ ] judicial economy and avoid[ ] inconsistent outcomes." (Doc. 21 at 2).

"In applying the third factor, courts find 'considerations of judicial economy are highly relevant.'" *Pac. Coast Fed'n of Fishermen's Assns. v. Raimondo*, No. 120CV00426DADEPG, 2022 WL 789122, at *69 (E.D. Cal. Mar. 11, 2022) (quoting *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 *(N.D. Cal. Dec. 10, 2014)). Here, the undersigned agrees with Respondents that a decision in *Palacios v. Liggins* is likely to provide guidance on the availability of attorney's fees under the EAJA.

* * *

To summarize, the Court finds that there is a risk of some prejudice to Petitioner if the Court stays the motion for attorney's fees pending the Supreme Court's decision in *Palacios v. Liggins*. On the other hand, considerations of judicial economy weigh slightly in favor of a stay, because the decision could inform the analysis in the pending motion. Because "[a] district court's concern for . . . judicial efficiency, standing alone is not necessarily a sufficient ground to stay proceedings," *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (citation and internal quotation marks omitted), the undersigned recommends that the Court exercise its broad discretion to manage its docket and decline to hold the motion for attorney's fees in abeyance. *See E.A.P.C. v. Wofford et al.*, No. 25-cv-01546 JLT-CDB (HC), 2026 WL 1983910, at *2 (E.D. Cal. July 9, 2026) (declining to hold a motion for attorney's fees in abeyance pending the Supreme Court's decision in *Palacios v. Liggins*).

**B. Whether Respondents' Position was "Substantially Justified" Under the EAJA**

Respondents contend their position that Petitioner's detention was pursuant to mandatory detention under 8 U.S.C. § 1226(c) was substantially justified given that the applicability of section 1226(c) to Petitioner turned on a reasonable factual dispute. (Doc. 21 at 3–4).

"To establish substantial justification, the government need not establish that it was correct or 'justified to a high degree' . . . only that its position is one that 'a reasonable person could think it correct, that is, has a reasonable basis in law and fact.'" *Ibrahim v. DHS*, 912 F.3d 1147, 1167 (9th Cir. 2019) (en banc) (quoting *Pierce v. Underwood*, 487 U.S. 552 (1988)). The substantial

justification standard is satisfied if there is a "genuine dispute" of fact or law, even if the court ultimately rules against the government. *See Pierce*, 487 U.S. at 565.

The undersigned agrees with Respondents and finds that this case is distinguishable from other fee motions this Court has resolved in that, here, Respondents' primary theory of detention was predicated on disputed facts. While that view was ultimately rejected by the Court, (*see* Doc. 9 at 2), the undersigned finds that the Court's decision required it to adjudicate a "genuine" dispute of fact and therefore Respondents' position was substantially justified. *See Pierce*, 487 U.S. at 565.

Because the undersigned finds Respondents' position was substantially justified, the Court must deny the motion for attorney's fees.

## IV. <u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned recommends that the Court DENY Petitioner's motion for the award of attorney's fees, (Doc. 19).

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to

Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **November 23, 2026**

UNITED STATES MAGISTRATE JUDGE